John Chew
SBI# 120566A
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625

RECEIVED

NOV 27 2023

AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ

10/21/23

UNITED STATES FEDERAL DISTRICT COURT OF NEW JERSEY
TRENTON VICINAGE

CAPTION: John Chew v. State of New Jersey, St. Francis Medical
Center, New Jersey State Correctional System, Patel
Associates, Dr. Hitesh Patel, M.D., Dr. Samir Patel,
M.D., University Hospital, John Does 1 - 10

Appellate Division Docket Number: A-001891-22 T2

CERTIFICATION OF MAILING

I, John Chew, certify that I have mailed out through the U.S.
Mail, the below listed documents to the below listed recipients
through the New Jersey State Prison, P.O. Box 861, Trenton,
NJ 08625 Mail System.

Documents List:
1) Letter to the Clerk of the Federal District Court, Trenton

Vicinage, 10/21/23, 4 pages. Please send me the forms to

pursue this case in federal court.


2) Exhibits:

A – SYNOPSIS OF CASE

B – DISMISSAL NOTICE FROM APPELLATE COURT

C – LETTER TO APPELLATE COURT CASE MANAGER, "I HAVE ALREADY

SENT IN ALL OF THE BRIEFS" – IGNORED BY COURT AND CASE

MANAGER

D – SECOND NOTICE STATING THAT I HAD ALREADY SENT IN THE

BRIEFS AND ALL REQUESTED COPIES – NO RESPONSE

Page 1 of 2

Date of Mailing: 11/2/23

Sincerely,

John Chew

*To Fed. Ct. Clerk*

John Chew                                                    10/21/23
SBI# 120566A
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625

## UNITED STATES FEDERAL DISTRICT COURT OF NEW JERSEY
### TRENTON VICINAGE

CAPTION: <u>John Chew v. State of New Jersey, St. Francis Medical
Center, New Jersey State Correctional System, Patel
Associates, Dr. Hitesh Patel, M.D., Dr. Samir Patel,
M.D., University Hospital, John Does 1 - 10</u>

<u>Appellate Division Docket Number: A-001891-22 T2</u>

RE: DISMISSAL OF APPEAL WITHOUT REVIEW BY STATE APPELLATE COURT:
- FILED MY APPEAL WITH THE COURT, FILED MY BRIEFS AND THE
  APPEAL WAS DISMISSED ERRONEOUSLY BECAUSE THE COURT SAID
  THAT I DID NOT FILE A TIMELY BRIEF — UNTRUE
- STATE COURTS ARE CORRUPT AND REFUSE TO ALLOW FAIR
  PROCEEDINGS, DUE PROCESS, ACCESS TO THE COURTS AND EQUAL
  PROTECTION OF THE LAW

- SEEKING FAIR REVIEW FROM THE FEDERAL DISTRICT COURT
  DO I FILE A §1983 COMPLAINT OR HABEAS CORPUS?
  PLEASE ADVISE

Dear Clerk of the Federal District Court of New Jersey, Trenton

Vicinage,

I am John Chew. I am currently a prisoner incarcerated
at the New Jersey State Prison. I am legally blind. I was made
legally blind by Medical Malpractice, Deliberate Indifference
and Negligence from the medical authorities here at the New
Jersey State Prison and other medical officials working with
them. I filed my Tort Claim in the State and had a lawyer. My
attorney proved to be less than honest and appears to have been
bribed to intentionally lose the case, no attorneys are that
incompetent. I filed a MOTION to REMOVE COUNSEL and the TRIAL

Page 1 of 4

COURT REFUSED to review the MOTION and forced counsel on me against my will. I was NOT EVEN allowed to be present during the hearing. Subsequently my case was dismissed with prejudice. I then filed a DIRECT APPEAL regarding the unlawful dismissal. The Appellate Court made it very difficult for me to file my appeal and used many underhanded tactics to waste my time and energy and discourage me from pursuing the case. Finally the court dismissed the case without review on October 17th, 2023. The CLERK of the Court dismissed the case without review claiming that I did not file a timely brief. This is a lie and completely untrue because not only did I file my brief timely, with the requested number of copies, but opposing counsel responded and I filed an additional response to their brief. The NJ Appellate Court is extremely HOSTILE to my rights and refuses to follow DUE PROCESS, allow me ACCESS TO THE COURTS, EQUAL PROTECTION OF THE LAWS or FUNDAMENTAL FAIRNESS. The State courts are corrupt and WILL NEVER rule against ANY State Actor and would rather have me suffer and be blind with NO RESPITE OR RESTITUTION than admit that State Actors are responsible for harming me.

My only hope to prosecute the case with any fairness is to move it to the Federal District Court. I am unsure whether I should raise this in a §1983 Federal Civil Complaint or if I should be raising this as a Habeas Corpus Petition.

PLEASE ADVISE ME AS TO WHICH ACTION I SHOULD BE USING, THE §1983 FEDERAL CIVIL COMPLAINT OR THE HABEAS CORPUS PETITION.

ALSO, BECAUSE I AM LEGALLY BLIND, I NEED THE ASSISTANCE OF
COUNSEL. I CANNOT CONDUCT DISCOVERY BY MYSELF OR READ THE FILES
OR GET AN INDEPENDENT EXAMINATION FROM A QUALIFIED DOCTOR BY
MYSELF BECAUSE OF MY INCARCERATION. PLEASE SEND ME ANY NECESSARY
FORMS TO REQUEST THE APPOINTMENT OF FEDERAL COUNSEL SO THAT
I MAY CONTINUE THE CASE.

I have attached some EXHIBITS for your review to have a better
understanding of the facts and case. Please see the SYNOPSIS
of the case, EXHIBIT A - SYNOPSIS.

I have also attached the DISMISSAL NOTICE from the Clerk clearly
stating that the Appeal was DISMISSED for not filing a timely
brief. This could not be more incorrect and was INTENTIONALLY
DONE by the court to avoid having to reinstate the case. The
State has shown nothing but CONTEMPT, PREJUDICE and BIAS against
me. I can never receive fair proceedings in the State courts
because they are corrupt and DO NOT FOLLOW their own laws or
those of the Federal Courts. See EXHIBIT B - DISMISSAL NOTICE.

And finally, I have attached the TWO (2) NOTICES that I sent
to the Appellate Court addressing their "SCHEDULING ORDER" which
stated when the briefs were due. I clearly explained that I
had already sent the briefs in and that opposing counsel had
done the same and ALL the briefs had been filed. I was COMPLETELY
IGNORED by the Court and case manager and this again was done
INTENTIONALLY TO DISMISS THE CASE TO STOP ME FROM PROSECUTING
Page 3 of 4

THE CASE ANY FURTHER. Please see EXHIBITS C and D - Letter to Case Manager and Second Notice.

I have ALL of my Certifications of Mailing and Postage Remits proving that I sent ALL of the documents to the Appellate Court on time. I have been denied DUE PROCESS and ACCESS TO THE COURTS and the FEDERAL COURT is my only solution. Once again, please advise me of how I should proceed, via §1983 or HABEAS CORPUS. Please respond with the proper forms and any other information that you think I may need to proceed.

Thank you for your assistance in this matter.

Prepared for John Chew, because he is blind, by a fellow prisoner of the NJ State Prison.

Certification:
I, John Chew, certify that I am legally blind and that this letter was read to me and I agree with all of the facts herein contained and for the purpose of proceeding with my claims against State Actors for injury to my person. I also certify that the foregoing statements made for me on my behalf are true. I understand that if any statements that I make or that are made for me on my behalf are willfully false that I am subject to punishment under the law.

Date of Mailing: 11/2/23

Sincerely,

John Chew

John Chew                                                    6/25/22
SBI# 120566A
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625



SYNOPSIS OF CASE

RE: John Chew v. State of New Jersey, et al.

SYNOPSIS:

Criminal defendant John Chew was convicted and sentenced
to the custody of the NJ Department of Corrections. His eyesight
was normal at 20/20. In 2008 Mr. Chew had some problems with
his carotid arteries in his neck and head and an MRI was
performed as a diagnostic tool to help determine any problems.
The result of the MRI determined that there was an anomaly with
Mr. Chew's test and that a follow up CT Scan should have been
performed to determine the cause of the anomaly. This was never
done by the Medical Officials of the Department of Corrections
and they have never once looked at the previous history and
medical reports of Mr. Chew.


Initial Vision Deterioration:

Mr. Chew's vision began to deteriorate drastically in 2013 and
no cause for the degeneration could be ascertained. Dr. Bucchino
was at fault and failed to perform any diagnostic testing or
to read Mr. Chew's medical history to see if the MRI anomaly
from 2008 had anything to do with the loss of vision. Mr. Chew
did not react to lenses and his vision decreased from 20/20
to 20/50 and then 20/60. Dr. Bucchino did nothing to try to
determine the cause of Mr. Chew's vision problems which caused

Page 1 of 6

further harm, pain and suffering. In 2016 Dr. Bucchino then referred Mr. Chew to a supposed eye specialist who had a contract with the D.O.C. to "treat" inmate patients. This doctor, Dr. Patel, saw that the optic nerve was discolored in 2016 but failed to refer Mr. Chew to an opthamalic neurologist but instead elected to perform unnecessary cataract surgery for financial profit and gain, delaying the need for proper diagnosis and thereby causing injury to Mr. Chew by the further loss of vision, pain and suffering. According to the actual medical records, Dr. Patel is the only one who saw any signs of cataracts and his diagnosis was that the cataracts in both eyes were extremely severe and equally effecting both eyes at plus 2.5. Such a diagnosis would mean that the cataracts would appear as clearly visible, large whitish opaque areas in the eyes of the individual with the malady. The most severe numerical representation of cataracts is 3.0. No one has ever mentioned seeing such severe cataracts in Mr. Chew's eyes. This has never been documented by any other doctor and this diagnosis was a LIE by Dr. Patel to make money at the expense of the eyesight of Mr. Chew with complete disregard for his vision, safety and life. Recently, in 2022, Mr. Chew saw Dr. Turbin for a follow up to the brain surgery and when asked Dr. Turbin stated that the cataract in Mr. Chew's right eye is "maybe a 2 on a scale of 1 to 10" and therefore extremely negligible. When the first unnecessary cataract surgery failed, Mr. Chew's vision was degenerating further and Dr. Patel did not know what to do so his partner in his practice, Dr. Shah, referred Mr. Chew to an opthamalic

Page 2 of 6

neurologist. This doctor readily found that there had been a slow growing tumor in Mr. Chew's brain for a long time, since 2008 when he had the initial MRI that warranted a further CT Scan, and that this tumor had grown to massive proportions and had encompassed the optic nerves of both eyes and was strangling the optic nerves. This was the mechanism which was causing the deterioration of Mr. Chew's eyesight. Immediate emergency brain surgery to resect the tumor was scheduled for Mr. Chew in August of 2016. During the surgery, the anesthesiologist failed to administer the proper medical drugs to Mr. Chew and he had a seizure on the operation table. Mr. Chew experiences episodes where his head becomes extremely hot and he becomes dizzy, has nausea and feels very ill. He did not have any of these episodes before the surgery. After the surgery, it was determined that not all of the tumor was removed and he needed radiation therapy to kill what was left behind. Mr. Chew has suffered irreparable damage at the hands of Medical Officials from the New Jersey State Prison and the New Jersey Department of Corrections and these other doctors and specialists who caused more delay and failed to administer the proper medical anesthesia.

Medical Reports From Experts for the Defense:
There have been two reports from experts of the defendants in the above captioned case, Mr. Chew v. the State of New Jersey. The first, by a Dr. Huang, shows that this doctor's credentials are clearly lacking and that he cannot be relied upon for any determination of the facts. He does nothing but try to

Page 3 of 6

reinterpret the existing reports in a favorable manner for the defendants and constantly contradicts himself. This report is of little to no value to the defense at all and only distorts and confuses the facts.

The second report is by a Dr. Stephen Pappish, who actually has some credentials. However, this report is based on the question of whether Dr. Patel's delay in determining the actual cause of Mr. Chew's vision problems, by electing to perform unnecessary cataract surgery, caused Mr. Chew's eyesight to further worsen. Unbelievably, Dr. Pappish's own report states that he read the reports from various medical officials and doctors of the NJSP and D.O.C. and that in Feb. of 2016 Mr. Chew's vision was 20/100 and then by August of 2016, Mr. Chew's vision had further deteriorated to 20/400 but that no damage to Mr. Chew's vision had occurred during that time period from Feb. to August of 2016. This is clearly an untenable determination that is not based on the actual documented facts but is an attempt by Dr. Pappish to lessen the responsibility and culpability of his client, Dr. Patel.

Deposition of Dr. Patel:

During the deposition of Dr. Patel, it was learned that he was previously sanctioned on two other occasions for extremely poor record keeping. The importance of this poor record keeping is that it enables him to try to change the circumstances of the diagnoses of his patients when and if that patient should challenge his diagnoses at a later date. The unclear records

Page 4 of 6

leave room for incorrect and improper reinterpretation of the actual facts and circumstances which allows Dr. Patel to escape culpability from his indifference and wrongdoing to make money from unnecessary cataract surgery at the expense of his patients. This is an underhanded and criminal practice designed to be used intentionally to protect himself from lawsuits for malpractice, negligence and deliberate indifference.

Summary:

Numerous state actors are responsible for the suffering and pain endured by Mr. Chew and the irreparable damage done to him from the loss of his vision which can never be replaced. The attorney that started the case was somehow compromised by a conflict of interest and suddenly refused to understand the clear and convincing proof from the defendant's own medical records. Plaintiff Chew seeks an attorney that can review the existing medical records and obtain any records that are missing from the New Jersey State Prison and/or D.O.C. and hire a legitimate Forensic Pathologist/Neurologist to determine the actual mechanism responsible for Mr. Chew's vision loss and can prepare a report for the court and can testify to the facts of the case. There can be no doubt that Mr. Chew was wrongly harmed and the facts and evidence are overwhelming. In a civil suit the burden of proof to prevail is a showing of 51% in favor of the plaintiff. This showing is easily attainable because the evidence to show that 51% already exists now but needs to be packaged into an easily understandable presentation for the

Page 5 of 6

court. Mr. Chew needs a lawyer because he is legally blind and
cannot represent himself and he cannot obtain the records he
needs and cannot provide the necessary documents and motions
to the court to present the case.

Thank you for your time.

Sincerely,


John Chew

FILED, Clerk of the Appellate Division, October 17, 2023, A-001891-22

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-001891-22  TEAM 02

JOHN CHEW
V
STATE OF NEW JERSEY, ST. FRANCIS
MEDICAL CENTER,
NEW JERSEY STATE CORRECTIONAL
SYSTEM, PATEL ASSOCIATES,
DR. HITESH PATEL, M.D., DR. SAMIR
PATEL, M.D. UNIVERSITY HOSPITAL,
JOHN DOES 1-10

ORDER DISMISSING
APPEAL

Rec.
10/21/23
J.C.



This matter being opened to the Court on its own motion and it appearing that the appellant has failed to file a timely brief;

It is HEREBY ORDERED that the above appeal is dismissed.

WITNESS, the Honorable Thomas W. Sumners, Jr., Chief Judge of the Appellate Division, at Trenton, this 17th day of October, 2023.

s/JOSEPH H. ORLANDO
JOSEPH H. ORLANDO
CLERK OF THE APPELLATE DIVISION

IV
L-918-18   MERCER
T-44

John Chew
SBI# 120566A
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625



8/6/23

<u>Superior Court of New Jersey - Appellate Division</u>

CAPTION: <u>John Chew v. State of New Jersey, St. Francis Medical Center, New Jersey State Correctional System, Patel Associates, Dr. Hitesh Patel, M.D., Dr. Samir Patel, M.D., University Hospital, John Does 1 - 10</u>

<u>Appellate Division Docket Number</u>: A-001891-22 T2

ATTN: Ms. IWONA (Evana) Vargas
      (609-815-2950 xt 52656)

RE: RESPONSE TO SCHEDULING ORDER WITNESSED BY THE HONORABLE THOMAS W. SUMNERS, JR. ON JULY 21st, 2023 -AND- CASE REASSIGNMENT NOTICE DATED JULY 19th, 2023

Dear Case Manager, Ms. Iwona Vargas,

    Please let this letter acknowledge and respond to the SCHEDULING ORDER from the Appellate court dated July 21st, 2023 and witnessed by the Honorable Thomas W. Sumners, Jr. and the CASE REASSIGNMENT NOTICE dated July 19th, 2023. The CASE REASSIGNMENT NOTICE is pretty straight forward and I will be addressing all further correspondence to Ms. Vargas. However, I have two further questions that I must address immediately:

1) According to the SCHEDULING ORDER Appellant's brief and appendix must be filed by 9/4/23 and Appellant's reply brief is due by 10/18/23. And IT IS FURTHER ORDERED that three paper copies of each brief and appendix shall be filed with the Clerk once the brief and appendix have been approved for filing, with three copies of all filed exhibits; along

Page 1 of 4

with proof of service indicating that two copies were served

on each self-represented party to the appeal and one copy

of the transcript was served on any one self-represented

respondent for the use of all self-represented respondents;

and

IT IS FURTHER ORDERED that in the event of default by

appellant regarding any provision of this order, THE APPEAL

WILL BE SUBJECT TO DISMISSAL WITHOUT FURTHER NOTICE; and

IT IS FURTHER ORDERED that if any respondent fails to file

a brief within the time directed by this order, such

respondent will be subject to preclusion from further

participation in the appeal.


Appellant John Chew has already filed his Appeal Brief and

Appendix, months ago, with proof of service to the court and

to Counsel for the Appellee, Mr. Charles Murray, III, from Farkas

and Donohue, LLC. Appellate Chew has sent three copies of his

brief and appendix to the Appellate court. In addition, Appellant

Chew received the Response from Mr. Murray months ago and

responded by sending his Reply Brief to Mr. Murray and three

copies to the Court with proof of service.


All of the briefs and responses have been sent to all parties

and filed with proof of service. Appellant Chew is confused

by the Scheduling Order because it acts as if none of the briefs

have been filed. This is very concerning to Appellant Chew as

he does not want his appeal to be dismissed by confusion or

Page 2 of 4

erroneous misunderstanding that the briefs have not been filed.
Once again, all of the briefs have been sent and filed and are
only awaiting review by the court.

2)   IT IS FURTHER ORDERED that if appellant has not already
     filed three additional copies of the transcripts with the
     Clerk and served one copy on any one self-represented
     respondent for the use of all of the self-represented
     respondents, same are to be filed and served within ten
     days hereof

Appellant Chew just received 2 separate copies of the Transcripts
of Aug. 12, 2022 at the prison by mail. The transcript, ordered
and paid for by Appellant Chew, was sent directly to the court
by the transcription service company. These 2 separate copies
came directly from the Office of the Clerk of the Appellate
Court. Obviously the Office of the Clerk has the transcript,
does the Court still want Appellant Chew to send three copies
of the transcript, that it just sent two copies of to Appellant,
to the court? This is very confusing considering the
circumstances. And in addition, the Appellee is represented
by counsel, as the court knows, Mr. Charles Murray, III. Does
the court want Appellant to send one copy of the transcript
to Mr. Murray at Farkas and Donahue?

Please answer these questions as promptly as possible so that
Appellant Chew can comply as he is very confused by the
Page 3 of 4

SCHEDULING ORDER and wants to know exactly what to do to comply so that the Appeal is not dismissed.

Appellant Chew has given Power of Attorney to his Sister, Ms. Crystal Saropoules. Appellant Chew had asked his Sister/Power of Attorney to contact Ms. Vargas regarding these questions and she did so and left messages but received no response. Appellant Chew gives the Ms. Vargas and the court permission to speak with Ms. Saropoules, his Power of Attorney, concerning this case and to discuss any aspects of the case and the filing of the briefs and the transcripts.

Appellant Chew only wishes to comply and seeks a response from the Office of the Clerk/Ms. Vargas as soon as time may comfortably permit.

Appellant Chew thanks the Office of the Clerk and Court for their time and assistance.

Sincerely,


John Chew


Page 4 of 4

John Chew                                                                              8/28/23
SBI# 120566A
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625

### Superior Court of New Jersey - Appellate Division

CAPTION: John Chew v. State of New Jersey, St. Francis Medical
Center, New Jersey State Correctional System, Patel
Associates, Dr. Hitesh Patel, M.D., Dr. Samir Patel,
M.D., University Hospital, John Does 1 - 10

Appellate Division Docket Number: A-001891-22 T2

ATTN: Ms. IWONA (Evana) Vargas
       (609-815-2950 xt 52656)

### SECOND NOTICE

RE: SECOND NOTICE IN RESPONSE TO SCHEDULING ORDER WITNESSED
BY THE HONORABLE THOMAS W. SUMNERS, JR. ON JULY 21st, 2023
-AND- CASE REASSIGNMENT NOTICE DATED JULY 19th, 2023

Dear Case Manager, Ms. Iwona Vargas,

    I hope that you and yours enjoyed the summer and are all
happy and healthy. I had previously sent your office a letter
dated 8/6/23 concerning The Scheduling Order from His Honor
stipulating when the appellate briefs need to be filed. As I
had explained in my letter ALL of the briefs were filed with
the court and opposing counsel, opposing counsel then responded
and then Appellant Chew responded to the brief from opposing
counsel. Appellant Chew is confused because the Scheduling Order
acts as if NONE of the briefs have been filed. Please clarify
this as Appellant does NOT wish to have the appeal dismissed
for any errors.

Appellant has two further questions that must be addressed
immediately:

1) According to the SCHEDULING ORDER Appellant's brief and
   appendix must be filed by 9/4/23 and Appellant's reply brief
   is due by 10/18/23. And IT IS FURTHER ORDERED that three
   paper copies of each brief and appendix shall be filed with
   the Clerk once the brief and appendix have been approved
   for filing, with three copies of all filed exhibits; along
   with proof of service indicating that two copies were served
   on each self-represented party to the appeal and one copy
   of the transcript was served on any one self-represented
   respondent for the use of all self-represented respondents;
   and
   IT IS FURTHER ORDERED that in the event of default by
   appellant regarding any provision of this order, THE APPEAL
   WILL BE SUBJECT TO DISMISSAL WITHOUT FURTHER NOTICE; and
   IT IS FURTHER ORDERED that if any respondent fails to file
   a brief within the time directed by this order, such
   respondent will be subject to preclusion from further
   participation in the appeal.

Appellant John Chew has already filed his Appeal Brief and
Appendix, months ago, with proof of service to the court and
to Counsel for the Appellee, Mr. Charles Murray, III, from Farkas
and Donohue, LLC. Appellate Chew has sent three copies of his
brief and appendix to the Appellate court. In addition, Appellant
Chew received the Response from Mr. Murray months ago and
Page 2 of 5

responded by sending his Reply Brief to Mr. Murray and three copies to the Court with proof of service.

All of the briefs and responses have been sent to all parties and filed with proof of service. Appellant Chew is confused by the Scheduling Order because it acts as if none of the briefs have been filed. This is very concerning to Appellant Chew as he does not want his appeal to be dismissed by confusion or erroneous misunderstanding that the briefs have not been filed. Once again, all of the briefs have been sent and filed and are only awaiting review by the court.

2)  IT IS FURTHER ORDERED that if appellant has not already filed three additional copies of the transcripts with the Clerk and served one copy on any one self-represented respondent for the use of all of the self-represented respondents, same are to be filed and served within ten days hereof

Appellant Chew just received 2 separate copies of the Transcripts of Aug. 12, 2022 at the prison by mail. The transcript, ordered and paid for by Appellant Chew, was sent directly to the court by the transcription service company. These 2 separate copies came directly from the Office of the Clerk of the Appellate Court. Obviously the Office of the Clerk has the transcript, does the Court still want Appellant Chew to send three copies of the transcript, that it just sent two copies of to Appellant,

Page 3 of 5

to the court? This is very confusing considering the
circumstances. And in addition, the Appellee is represented
by counsel, as the court knows, Mr. Charles Murray, III. Does
the court want Appellant to send one copy of the transcript
to Mr. Murray at Farkas and Donahue?

Please answer these questions as promptly as possible so that
Appellant Chew can comply as he is very confused by the
SCHEDULING ORDER and wants to know exactly what to do to comply
so that the Appeal is not dismissed.

Appellant Chew has given Power of Attorney to his Sister, Ms.
Crystal Saropoulos. Appellant Chew had asked his Sister/Power
of Attorney to contact Ms. Vargas regarding these questions.
Appellant Chew gives the Ms. Vargas and the court permission
to speak with Ms. Saropoulos, his Power of Attorney, concerning
this case and to discuss any aspects of the case and the filing
of the briefs and the transcripts.

In the event that the Case Manager speaks with Ms. Saropoulos,
Appellant Chew still requests a letter in writing, from the
Case Manager, for his records to indicate the status of the
appeal and if any further action needs to be taken to allow
the appeal to proceed.

Appellant Chew only wishes to comply and seeks a response from
the Office of the Clerk/Ms. Vargas as soon as time may

comfortably permit.

Appellant Chew thanks the Office of the Clerk and Court for
their time and assistance.

Sincerely,

John Chew

John Chew
SBI# 120S664
NJ State Prison
P.O. Box 861
Trenton, NJ 08625

Envelope #
2023 1102 A

RECEIVED
NOV 27 2023
AT 8:30
CLERK, U.S. DISTRICT COURT - DNJ

To: Federal District Court
of New Jersey
Office of the Clerk
Clarkson Fischer Bldg
U.S. Courthouse
402 E. State Street
Trenton, NJ 08608



To. Federal District Court
Trenton, N.J.