UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN CHEW, | : |
| Plaintiff, | : Civ. No. 23-22676 (RK) (JBD) |
| v. | : |
| STATE OF NEW JERSEY, et al., | : **MEMORANDUM & ORDER** |
| Defendants. | : |

Plaintiff, John Chew ("Plaintiff" or "Chew"), is a state prisoner currently incarcerated at the New Jersey State Prison in Trenton, New Jersey. He is proceeding *pro se* with a civil rights Complaint filed pursuant to 42 U.S.C. § 1983. *See* ECF No. 1.

A prisoner who seeks to bring a civil action *in forma pauperis* must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the applicable filing fee. *See* 28 U.S.C. § 1915(a)(1). The prisoner must also submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint. *See id.* § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined. *See id.*; *see also* L. Civ. R. 81.2(b) ("Whenever a Federal, State, or local prisoner submits a civil rights complaint . . . the prisoner shall also submit an affidavit setting forth information which establishes that the prisoner is unable to pay the fees and costs of the proceedings and shall further submit a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoner's prison account during the six-month period prior to the date of the certification.").

Even if a prisoner is granted *in forma pauperis* status, he must pay the full amount of the filing fee of $350.00.[1] *See* 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court, payment equal to 20 % of the preceding month's income credited to the prisoner's account. *See id.* § 1915(b)(2). The deductions will continue until the $350.00 filing fee is paid.

Even if the necessary fees are paid and the complaint is accepted for filing, the Court may nevertheless immediately dismiss the case. The Court must review the complaint and dismiss it if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See id.* § 1915(e)(2)(B); *see also id.* § 1915A(b). If the plaintiff has, on three or more prior occasions while incarcerated, brought an action or appeal in a court that was dismissed on the grounds listed above, he cannot bring another action *in forma pauperis* unless he is in imminent danger of serious physical injury. *See id.* § 1915(g).

This matter will be administratively terminated. Plaintiff has neither paid the filing fee nor has he submitted a complete *in forma pauperis* application. Plaintiff may reopen this action by either paying the $402.00 filing fee[2] or submitting a complete *in forma pauperis* application.

---

[1] A prisoner-plaintiff pursing his case *in forma pauperis* does not owe the $52.00 administrative fee that is included if he pre-pays the filing fee. *See, e.g., Smart v. Intensive Supervision Program*, No. 14-2302, 2014 WL 6065786, at *1 n.1 (D.N.J. Nov. 12, 2014).

[2] On December 1, 2023, the administrative fee was increased from $52.00 to $55.00. However, given that Plaintiff initiated this action prior to this date, should Plaintiff seek to pay the fee, he shall only owe $402.00 because that was the administrative fee in place at the time this action was initiated.

Accordingly, IT IS on this ____ day of December, 2023,

ORDERED that the Clerk shall administratively terminate this case; Plaintiff is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar provided the original complaint was timely; and it is further

ORDERED that Plaintiff may have the above-entitled case reopened, if, within thirty (30) days of the date of the entry of this order, Plaintiff either pre-pays the $402.00 filing fee ($350.00 filing fee plus $52.00 administrative fee) or submits to the Clerk a complete *in forma pauperis* application; and it is further

ORDERED that upon receipt of a writing from Plaintiff stating that Plaintiff wishes to reopen this case and a complete *in forma pauperis* application or filing fee within the time allotted by this Court, the Clerk will be directed to reopen this case; and it is further

ORDERED that the Clerk shall serve on Plaintiff by regular U.S. mail: (1) this memorandum and order; and (2) a blank form application to proceed *in forma pauperis* by a prisoner in a civil rights case.

_____
ROBERT KIRSCH
United States District Judge